FORET, Judge.
On December 12, 1986, Sherry Taylor, the minor child of Mr. and Mrs. Albert Taylor, plaintiffs and appellants herein, slipped and injured herself on the steps of a mobile home owned by Ann and Russell Dugas.[1] Foremost Insurance Company, the Dugas’ insurer, was named as a defendant. Additionally, Jim Tatman’s Mobile Homes, Inc., was named defendant as the seller of the mobile home. By amended petitions, B & C Manufacturing Co., Inc. and its insurer, United States Fidelity & Guaranty Company, as the manufacturer *1085 of the steps on which Sherry was injured, were named as additional defendants. B & C Manufacturing and its insurer were also named as third party defendants in a cross-claim filed by Tatman’s.
After trial, a unanimous jury returned a verdict finding no liability on the part of any defendants. Instead, the jury found that the weather and Sherry Taylor’s own negligence were the exclusive causes of her accident. Plaintiffs appeal, assigning two procedural issues as error.
First, plaintiffs contend that the trial court erred in failing to allow plaintiffs’ attorney to question Mr. Inhern, Tat-man’s representative, regarding the cross-claim filed by Tatman’s against B & C Manufacturing. Plaintiffs contend that Tatman’s cross-claim against B & C Manufacturing is tantamount to a judicial admission that the steps at issue were defective and as such, this line of questioning was relevant and should have been allowed.
La.C.C. art. 1853 defines a judicial admission, in pertinent part, as follows:
“A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it.”
We note that the cross-claim against B & C Manufacturing merely alleges, in the alternative, after denying liability, that if Tat-man’s is found liable, then B & C Manufacturing and its insurer should be found liable jointly, severally, and in solido to Tat-man’s for full contribution and/or indemnity for those acts of negligence and/or fault pled by plaintiffs.
Even if the cross-claim was a judicial admission, it would only be an admission or proof as to the fact that Tatman was alleging B & C Manufacturing’s liability, in the alternative. It would not be proof that B & C Manufacturing was liable or that the steps were defective as plaintiffs appear to contend. For that matter, Tatman’s also pled by answer, in the alternative, that Sherry was at fault in causing the accident. Plaintiffs notably do not contend that this pleading is also a judicial admission proving the plaintiffs’ fault. Therefore, the trial court correctly found that this pleading was not relevant and did not amount to a judicial admission on the part of Tatman as to the liability of the third party defendant, B & C Manufacturing.
Additionally, we find no error on the part of the trial court in disallowing plaintiffs from questioning Mr. Inhern as to this pleading insofar as this line of questioning could have confused the jury, whether or not it was relevant. As stated in La. C.E. art. 403:
“Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time.”
Plaintiffs further argue that when, in response to defendant’s objection, the trial court stated that “[t]he pleadings in this case are not evidence ...,” it impermissibly commented on the evidence, contrary to La.C.C.P. art. 1791.
La.C.C.P. art. 1791 states as follows: “The judge in the presence of the jury shall not comment upon the facts of the case, either by commenting upon or recapitulating the evidence, repeating the testimony of any witness, or giving an opinion as to what has been proved, not proved, or refuted.”
We do not find that the trial court’s comment, set forth above, reflected the court’s opinion on any evidence previously presented or upon the testimony or credibility of any witness. Therefore, we find this assignment of error without merit.
As to plaintiffs’ second assignment, we find no reversible error on the part of the trial court. Plaintiffs contend that Sherry’s case was prejudiced because the trial court did not allow Tatman’s representative to be questioned regarding the procedure used when customers made insurance claims through the Tatman office. The trial court sustained defense counsel’s objection as to the relevancy of this line of questioning and we find no error in this ruling. The claims procedure has no relevancy to the merits of the case, i.e., the condition of the steps on which Sherry fell. *1086 Additionally, we note that the witness through whom plaintiffs were attempting to introduce the claim form, had never filled out a claim form and had never seen this particular claim form. Therefore, regardless of relevancy, no proper foundation for the introduction of this claim form had been laid. Therefore, we find no error on the part of the trial court as to this assignment.
The plaintiffs do not assign the jury’s finding as to liability as error. Nevertheless, in the interest of judicial efficiency, in our review of the record, we find that there was no manifest error on the part of the jury in finding that Sherry Taylor’s negligence and the weather caused the accident.
Therefore, we find the errors assigned to be without merit and affirm the jury’s verdict. Costs of this appeal are to be paid by Mr. and Mrs. Albert Taylor, plaintiffs and appellants herein.
AFFIRMED.

. The Dugas are not named as defendants in this action.